UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHIRLEY LYNNE LARNED,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. C17-5558-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Shirley Lynne Larned applied for Disability Insurance Benefits and received a partially favorable decision awarding benefits for a closed period. She seeks review of the finding that her disability ended on September 1, 2015, and that she was no longer eligible for benefits as of that date. Ms. Larned contends the ALJ erred in making an adverse credibility finding for the period after September 1, 2015. Dkt. 8. Finding that the ALJ's adverse credibility finding is supported by substantial evidence and free of harmful legal error, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Ms. Larned is currently 53 years old, has a high school education, and has worked as a department manager and sales clerk. Tr. 71, 159, 186. In April 2014, she applied for benefits, alleging disability as of January 13, 2014. Tr. 159. After her application was denied initially and

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 1

on reconsideration, the ALJ conducted a hearing and, on March 25, 2016, issued a decision finding Ms. Larned disabled for the closed period from her alleged onset date of January 14, 2014, through August 31, 2015, but not disabled thereafter. Tr. 21-41. The Appeals Council denied Ms. Larned's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that Ms. Larned was disabled from her alleged onset date of January 13, 2014, through August 31, 2015, because her impairments met the listing criteria for somatoform disorders. Tr. 24-30. Applying the framework for evaluating medical improvement,[2] the ALJ found that medical improvement occurred and Ms. Larned's disability ended on September 1, 2015. Tr. 30-40. In so finding, the ALJ found that, while Ms. Larned's medically determinable impairments could reasonably be expected to cause some of the symptoms she alleged, her statements about the intensity, persistence, and limiting effects of these symptoms were not entirely credible for the period beginning September 1, 2015. Tr. 33-39.

## DISCUSSION

Ms. Larned argues that the ALJ erred in assessing her credibility for the period beginning September 1, 2015. Dkt. 8 at 2. Where, as here, the ALJ does not find that the claimant was malingering, the ALJ must provide clear and convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ

---

[1] 20 C.F.R. § 404.1520.

[2] 20 C.F.R. § 404.1594.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 2

must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). The ALJ gave several reasons for finding Ms. Larned's statements about her symptoms not fully credible for the period beginning September 1, 2015.[3] Ms. Larned challenges each of them.

  1. *Objective medical evidence*

The ALJ found that the objective medical evidence was not consistent with a finding of ongoing disability after September 1, 2015. Tr. 34-36. The lack of supporting objective medical evidence cannot be the sole reason an ALJ discounts subjective complaints. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Ms. Larned faults the ALJ's reliance on the objective evidence on this basis alone. Dkt. 8 at 3. The Court agrees that if all the ALJ's other reasons for discounting Ms. Larned's statements are invalid, this reason alone cannot support the adverse credibility determination. However, the Court has reviewed the merits of this reason and finds it valid. The Court therefore finds it a valid reason to discount Ms. Larned's statements, so long as the ALJ gave other valid reason to support the adverse credibility determination.

  2. *Ms. Larned's statements of improvement to medical sources*

The ALJ found that Ms. Larned's own reports of symptoms to her medical providers were consistent with significant improvement. Tr. 39. The ALJ noted her reports in November 2015 that medication significantly helped her left facial pain; that while she still had pain daily, it did not occur 24 hours a day, seven days a week; and that she rated her pain as only a 2/10. *Id.* Ms. Larned argues that the ALJ's reliance on these statements is not clear and convincing

---

[3] The ALJ found Ms. Larned's statements about her symptoms to be generally credible from January 13, 2014, through August 31, 2015, concluding that objective examination findings, Ms. Larned's subjective reports, and her pattern of treatment during this time indicated that she was significantly limited by symptoms from her somatoform disorder. Tr. 30.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 3

because, while the statements demonstrate improvement, Ms. Larned did not admit complete alleviation of her symptoms. Dkt. 8 at 4. Ms. Larned compares these statements to her hearing testimony that she still experienced episodes of overwhelming pain and was able to engage in only two hours of activity per day. *Id.* She characterizes her contemporaneous reports to her providers as supporting, rather than undermining, this testimony. *Id.*

The ALJ is entitled to draw reasonable inferences logically flowing from the record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). So long as the inferences the ALJ draws from the evidence are reasonable, this Court may not disturb them. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Here, the ALJ reasonably inferred that Ms. Larned's statements describing improvement demonstrated just that—improvement. The ALJ did not interpret them as evidence of complete alleviation of her symptoms. Even if Ms. Larned's proposed interpretation is reasonable, the Court cannot accept it over the ALJ's valid interpretation.

Ms. Larned argues that the ALJ's reliance on her report that her pain was a 2/10 was invalid because at the same visit, she also reported episodes of pain that were so overwhelming she could not speak. Dkt 10 at 2. Treating neurologist Oanh Nguyen, D.O., noted Ms. Larned's report at her November 2015 visit that "speech is difficult at times due to pain." Tr. 1254. The ALJ acknowledged Ms. Larned's reports at that visit that her pain was still present but was no longer constant. Tr. 36. The ALJ's failure to detail this particular aspect of her report of remaining pain does not undermine the ALJ's reliance on her reports of improvement.

Ms. Larned argues that the ALJ improperly equates improvement with nondisability. Dkt. 8 at 4. But the ALJ did not find that Ms. Larned was not disabled merely because she experienced medical improvement. Rather, the ALJ engaged in the full, eight-step medical

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 4

improvement evaluation to determine that her improvement was related to her ability to work and that with the improvement, she was able to engage in substantial gainful activity. Ms. Larned's own contemporaneous statements of improvement were a valid reason to discount her hearing testimony describing greater limitations.

   3.   *Pattern of treatment*

The ALJ found that Ms. Larned's pattern of treatment after September 1, 2015, was further evidence that the symptoms improved significantly Tr. 36. The ALJ noted that when Ms. Larned saw her neurologist in November 2015, it was her first visit in six months. *Id.* at 36-37. The ALJ found such a pattern of treatment was inconsistent with constant, debilitating pain. Tr. 37. Ms. Larned argues that the ALJ has not identified testimony by Larned that claims "constant, debilitating pain," and that this failure of the ALJ to identify what testimony is not credible is fatal to this reason for discounting her testimony. Dkt. 8 at 4. In her reply, she asserts that she testified to episodic—not constant—debilitating pain, and that the ALJ mischaracterized her testimony to manufacture an inconsistency. Dkt. 10 at 2-3. The Court rejects Ms. Larned's assertion that the ALJ deliberately manufactured an inconsistency. The ALJ considered the level of treatment Ms. Larned received after September 1, 2015, and found that it demonstrated significant improvement and was contrary to her hearing testimony. The ALJ did not improperly mischaracterize her testimony in so finding.

Ms. Larned also asserts that, as her providers did not instruct her to treat more often, her compliance with treatment recommendations is not a clear and convincing reason for discrediting her testimony. Dkt. 8 at 5. But evidence of minimal or conservative treatment is a valid reason to discount a claimant's credibility. *Tommasetti*, 533 F.3d at 1039. The fact that Ms. Larned's treating doctors recommended this level of minimal treatment supports rather than undermines

the ALJ's finding that her level of treatment was inconsistent with her allegations. The ALJ validly considered Ms. Larned's pattern of treatment in discounting her statements.

   *4.    Statement about needing rest breaks of only five minutes*

The ALJ found that Ms. Larned's testimony that she needed significant rest breaks and rested all day was inconsistent with her report to Dr. Nguyen in November 2015 that while she still needed rest breaks during activity, these were typically only five minutes. Tr. 39. Ms. Larned argues that there is no inconsistency because she testified that she could stand and walk for two hours and then needed rest for the remainder of the day. Dkt. 8 at 5. She asserts that this is not inconsistent with her report of needing five-minute rest breaks during activity. *Id.*

While needing to rest for five minutes during activity is not incompatible with needing to rest for the remainder of the day after two hours of activity, the ALJ could reasonably interpret her report of needing five-minute rest breaks during activity without mentioning a need to rest for the remainder of the day after activity as inconsistent with her testimony as to the latter. Again, even if Ms. Larned's proposed interpretation is reasonable, this Court cannot accept it over the ALJ's reasonable interpretation. *Thomas*, 278 F.3d at 954. This was another valid reason to discount Ms. Larned's testimony.

   *5.    Statement about driving to Oregon for treatment*

The ALJ found that Ms. Larned's statements that she was able to drive to Portland, Oregon for treatment and that she did not mind the drive was not consistent with constant, debilitating pain or tremors. Tr. 39. Ms. Larned asserts that she received treatment in Portland before September 1, 2015, but the ALJ did not find that this fact undermined her credibility for that time period; she argues it is inconsistent for the ALJ to find the same activity at a different time shows improvement to such a degree that she was no longer credible because of it. Dkt. 8 at

6. The Court agrees that Ms. Larned's ability to engage in the same activity she did during her period of disability does not undermine her credibility after her disability ended and that this was therefore an invalid reason to discount her statements. But including an improper reason among other proper reasons to discount a claimant's credibility does not negate the validity of the ALJ's credibility determination. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008). Where, as here, the ALJ gives other, valid reasons to discount the claimant's testimony, the error is harmless. *Id.* The ALJ's adverse credibility determination remains supported by substantial evidence.

In addition, the other valid reasons the ALJ gave makes the ALJ's reliance on the lack of supporting objective medical evidence a valid reason to discount Ms. Larned's statements. The ALJ gave clear and convincing reasons to discount Ms. Larned's subjective testimony.

## CONCLUSION

The ALJ's adverse credibility finding is supported by substantial evidence and free of harmful legal error. Accordingly, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 8th day of December, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge